## New *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defect in sidewalk—Evidence.*

1. In an action against a city for personal injuries alleged to have been caused by a defect in a sidewalk, a judgment on a verdict for plaintiff will not be reversed because certain evidence was improperly admitted, where the evidence in question did not bear directly on the condition of the pavement at the time of the accident, but only on matters which plaintiff contended contributed to such condition, and where, in the opinion of the appellate court, this evidence did not mislead or prejudice the jury, or have any material influence on the verdict.

2. Verdict held not excessive.

Argued November 24, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 296, Jan. T., 1926, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1925, No. 8103, on verdict for plaintiff, in case of Henrietta New v. Philadelphia.   Affirmed.

Trespass for personal injuries.   Before GORDON, J.

The opinion of the Supreme Court states the necessary facts.

Verdict and judgment for plaintiff for $8,250.   Defendant appealed.

*Errors assigned* were, inter alia, refusal of new trial, and entry of judgment on verdict, quoting record.

*David I. Scanlon,* Assistant City Solicitor, with him *Joseph P. Gaffney,* City Solicitor, and *Bernard J. O'Connel,* Chief Claims Assistant, for appellant.

*Harry A. Gorson,* for appellee.

PER CURIAM, January 3, 1927:

Plaintiff fell on a sidewalk in Philadelphia and broke her arm. ˙She brought the present suit to recover for her injuries, alleging that the accident was the result of a defect which the city had negligently permitted to exist in the pavement, and recovered a verdict for $8,250. The court below entered judgment on the verdict. Defendant has appealed and contends (1) that certain evidence was improperly admitted, and (2) that the verdict was excessive.

The questions asked by plaintiff's counsel and objected to by defendant, if examined critically, may appear broader, both as to the location and time of the collateral conditions then being inquired about, than is properly allowable, but the questions themselves were relevant and no specific reason or objection was assigned against them at the trial. We think with the court below that, considering the attending circumstances, the meaning of the questions was clear to the jury, and that it was neither misled nor prejudiced by the answers given thereto. Besides, the inquiry had to do, not directly with the alleged defective condition of the pavement which defendant had negligently permitted to exist, but only with matters which plaintiff was at the time contending contributed to that condition, and we believe the contentions to which the questions relate had no material influence on the verdict. Finally, we cannot say the verdict was excessive.

The judgment is affirmed.